DANIEL R. NOYES and Others v. CHAPMAN–DRAKE COMPANY.[1]

January 18, 1895.

No. 9029.

### Words—"General Creditors"—Composition Agreement.

Where the plaintiffs held both a secured claim and an unsecured claim against the defendant, and joined with other creditors of the defendant in a composition agreement, in which they all designated themselves as "general creditors," and agreed to take from the defendant a certain consideration for their respective claims, the amount of each of which claims was stated, the plaintiffs stating only the amount of their unsecured

[1] Reported in 61 N. W. 901.

claim, *held*, the term "general creditors" meant "unsecured creditors," and by executing the agreement the plaintiffs did not release their secured claim.

Appeal by defendant from a judgment entered in the district court for Ramsey county, after a trial before Otis, J., a jury being waived. Affirmed.

*T. S. Tompkins*, for appellant.

*Morphy, Ewing, Gilbert & Ewing*, for respondents.

CANTY, J.  The defendant was indebted to plaintiffs on a book account in a sum in excess of $500, and either in part payment of this indebtedness, or as collateral security therefor, indorsed to plaintiffs the promissory note of a third party for $500.  Thereafter, and before the payment of said note, the defendant became insolvent, and entered into a composition agreement with certain of its creditors, including plaintiffs.  The agreement purports to be made by the "general creditors" of defendant corporation, recites that it is financially insolvent, and that it is for the best interest of the "general creditors" of defendant to have its business continued under a reorganization to be by them effected, and provides: "Now, therefore, we, the undersigned general creditors, do hereby agree to take such preferred stock when the reorganization is effected, to the amount of our respective claims, such amount being set opposite our respective signatures."  The plaintiffs signed this agreement, and placed opposite their signatures the sum of $519.14, being the balance of said indebtedness due them after deducting the amount of said promissory note.  The agreement was executed by other creditors for the total amount of $60,000.  Thereafter the plaintiffs brought this action against defendant on its said indorsement.  The making of the composition agreement was set up as a defense, but the trial court found for plaintiffs, and from the judgment entered therein defendant appeals.  We are of the opinion that the judgment should be affirmed.  The composition agreement was made by the "general creditors," and as to the claim in suit the plaintiffs were not "general creditors," but "secured creditors."

It is urged by appellant that, while the agreement purports to be signed by the general creditors, they, by its terms, agree to take preferred stock "to the amount of our respective claims," and that this

includes all of the claims of the creditors signing the agreement, whether secured or unsecured. Of course, if the agreement contemplated the release of the defendant as to such claims as the claim in suit, it would be a fraud on the other creditors for the plaintiffs secretly to retain this claim while signing this agreement. But we are of the opinion that the agreement did not contemplate the release of this claim. The creditors signing the agreement must have had some object in designating themselves as "general creditors." It is not the fair interpretation of the agreement that it was either the policy or intention of its signers to keep creditors having both classes of claims from signing the agreement, or, if they did sign it, to compel them to surrender their secured as well as their unsecured claims. Their co-operation to the extent of their unsecured claims was just as desirable as that of the creditors having no other class of claims. The agreement does not purport to be the act of secured creditors, or to surrender secured claims.

The judgment appealed from is affirmed.